**Archie N. JOHNSON, Plaintiff–Appellant,**

v.

**Barett MATTHEWS, M.D., Steve Lackey; Percy Pitzer; Corrections Corporation of America, Defendants–Appellees.**

**Nos. 03–5024, 03–5025.**

United States Court of Appeals, Sixth Circuit.

Aug. 13, 2003.

Before DAUGHTREY, MOORE, and SUTTON, Circuit Judges.

## ORDER

Archie N. Johnson, a pro se Wisconsin resident, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. As the district court entered two separate decisions resulting in the dismissal of Johnson's complaint against all the defendants, Johnson filed a notice of appeal for each order. The resulting separate appeals have been consolidated. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief, Johnson sued the Corrections Corporation of America and multiple employees contending that he was denied proper medical treatment resulting in a violation of his Eighth Amendment rights during his prior incarceration. As Johnson's prison medical records established that Johnson was repeatedly treated by medical personnel both in and out of the prison, the district court granted summary judgment to the defendants.

In his timely appeal, Johnson asserts that the district court did not understand his case; that the medical treatment he was given aggravated rather than helped his condition; and that the district court abused its discretion by not appointing him an attorney.

The district court's judgment is reviewed de novo. *See Summar ex rel. Summar v. Bennett*, 157 F.3d 1054, 1057 (6th Cir.1998).

The defendants were entitled to summary judgment as a matter of law. Johnson alleged that prior to his incarceration in 1995, he had a history of a left Achilles tendon injury and nerve comprehension in the left leg, ankle, and foot. Johnson states that while he was incarcerated he sought medical treatment for his injuries, but was denied proper care. Johnson's medical records establish that he received medical treatment within the prison twenty-one times and was referred to an outside specialist, who also treated Johnson on several occasions.

Johnson has failed to state a claim under the Eighth Amendment. In order to constitute a claim under the Eighth Amendment, the offending conduct must reflect an unnecessary and wanton infliction of pain. *See Ingraham v. Wright*, 430 U.S. 651, 670, 97 S.Ct. 1401, 51 L.Ed.2d 711 (1977). Such a claim has both an objective and subjective component. *See Wilson v. Seiter*, 501 U.S. 294, 297–303, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). The objective component of an Eighth Amendment

claim requires that the pain be serious. *Id.* at 298. The Supreme Court addressed the objective component in *Rhodes v. Chapman,* 452 U.S. 337, 346–49, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981). The subjective component, in contrast, constitutes the deliberate indifference standard of *Estelle v. Gamble,* 429 U.S. 97, 103–04, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). *See Wilson,* 501 U.S. at 302. The subjective component provides that the offending conduct be wanton. Further, a difference of opinion between a prisoner and a physician regarding treatment of a condition does not support an Eighth Amendment claim. *Estelle,* 429 U.S. at 107.

The evidence shows that Johnson was repeatedly treated for his condition. Johnson states that the district court did not understand his case as he was complaining as to the type of treatment he received. However, even if Johnson received erroneous treatment, medical malpractice does not give rise to a constitutional violation under the Eighth Amendment. *Id.* at 106. Thus, Johnson's Eighth Amendment claim is meritless.

Finally, Johnson argues that the district court should have appointed him an attorney. However, the appointment of counsel in a civil action is not a constitutional right and is justified only in exceptional circumstances. *Lavado v. Keohane,* 992 F.2d 601, 605–06 (6th Cir.1993). As Johnson's allegations do not establish a constitutional violation, the district court did not err in denying Johnson's request for counsel.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.